UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNION FIRST MARKET BANK, | |
| Plaintiff, | |
| v. | |
| DONALD A. BLY, II, | Civil Action No. 3:13–CV–598 |
| Defendant. | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Compel Documents and Deposition from Third Party Jones filed by Plaintiff and Counterclaim Defendant Union First Market Bank ("Plaintiff" or "UFMB") (ECF No. 42) and a Motion for Protective Order by third party Farris M. Jones ("Jones") (ECF No. 47). For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART UFMB's Motion to Compel. Additionally, the Court DENIES Jones's Motion for Protective Order.

I.    **PROCEDURAL BACKGROUND**

A.  **Motion to Compel**

UFMB filed the instant action against Defendant Donald A. Bly, II ("Bly") on May 24, 2013. (ECF No. 1). UFMB provided investment management services to Defendant and, in 2011, loaned Defendant money to fund the construction of a sports complex ("Sports Complex"). UFMB alleges that Defendant Bly defaulted on that loan in the amount of approximately $2,000,000.00. Bly filed a counterclaim against UFMB on June 19, 2013

1

alleging that UFMB breached its contractual obligation to exercise its discretion according to Bly's conservative investment objectives and risk tolerance.

On August 15, 2013, UFMB served a subpoena *duces tecum* ("Subpoena") on Jones seeking documents related to (1) Jones's dealings with Bly; (2) Jones's dealings with Bly's uncle and business partner Daniel Holland; (3) Jones's dealings with UFMB; and (4) any documents in Jones's possession relating to the Sports Complex and accompanying property that is at the heart of the Parties' claims. (Pl.'s Mot. to Compel, Ex. A).

UFMB represents that after several requests for extensions of time, six weeks after the initial due date, Jones's counsel delivered a set of documents "purportedly" in response to the Subpoena. UFMB represents that Jones's production did not include documents related to several requested categories including:

1. All records of any borrowings from [Jones] or any entity in which [Jones] ha[s] an interest by Donald A. Bly, II ("Bly") including but not limited to loan documents, loan payments, loan advances or loan history. . . .

5. All records relating to any loans made by [Jones] to Daniel Holland or any entity in which he has or had an interest including but not limited to loan documents, loan payments, loan advances or loan history.

(Pl.'s Mot. to Compel 2). Regarding paragraph 1, UFMB represents that Jones's first production of documents contained no evidence of any loan documents, loan payments, loan advances, or loan history. Further, UFMB represents that Jones's production failed to provide any documents indicating loans were funded. Regarding paragraph 5, UFMB represents that Jones's production did not provide any documentation responsive to its request.

Counsel for UFMB represents that he raised these issues with Jones by letter on October 15, 2013. (Pl.'s Mot. to Compel, Ex. B). Afterwards, Jones obtained new counsel

who represented that a response would be forthcoming. After this exchange, UFMB represents that Jones's new counsel acknowledged that three outstanding issues remain with Jones's production: (1) whether there are any remaining promissory notes between Jones and Bly; (2) whether documents exist indicating the loans to Bly were funded; and (3) whether there are any other loans from Jones to Holland. Jones represents that on December 9, 2013, he provided three additional loan documents responsive to Paragraph 1 of the Subpoena but failed to provide any additional information regarding the three aforementioned issues.

UFMB represents that counsel for Bly and UFMB reached out to Jones in November of 2013 seeking dates for a deposition. Counsel for Jones reportedly suggested that he would be obtaining a doctor's note indicating that Jones's poor health makes him unavailable for any deposition.

UFMB moves the Court to grant its Motion and: (i) require that Jones provide, within five (5) days of entry of the Court's Order, all documents responsive to the Subpoena; (ii) require that Jones submit to deposition promptly or provide a medical substantiation of his unavailability no later than five (5) days after entry of the Court's Order; (iii) award UFMB its reasonable attorneys' fees and costs expended in bringing this Motion; and (iv) provide any further relief the Court deems proper.

### B.  Motion for Protective Order

Jones represents that he is 83 years old and suffers from a variety of medical issues, including two strokes in 2013, which have left him mentally and physically impaired. Jones reports that his primary care physician executed an affidavit attesting to the mental and physical limitations that would prevent Jones from withstanding the rigors of a deposition.

(Mot. for Protective Order, Exs. A, B, C). Jones maintains that it is not expected that he will recover to the point that he will be able to testify at the trial of this matter or give a deposition at any time before the trial scheduled for February 2014. Further, Jones represents that his impaired physical and mental condition has prevented his involvement or assistance in searching for documents responsive to UFMB's Subpoena. Instead, Jones reports that his daughter, Teri Michelle Jones, has attempted in good faith to search for, and produce, the documents sought by UFMB.

Jones moves the Court to: (a) deny UFMB's Motion to Compel Documents and Deposition; (b) grant his Motion for Protective Order relieving him of any obligation to appear at a deposition or at the trial of this matter; and (c) provide any further relief the Court deems just and appropriate.

## II.    PARTIES' ARGUMENTS

UFMB represents that this case relates primarily to a series of loans provided by UFMB to Bly. UFMB also represents that Jones provided additional financing related to the Sports Complex. UFMB alleges that Jones is important to this case because he has knowledge of key facts related to Bly's Relationship with UFMB. UFMB notes that Bly himself represented that Jones had "knowledge of the promises the bank made with regard to the project and other matters related to this litigation" and that "Mr. Jones is a critical witness." (Pl.'s Mot. to Compel 1).

UFMB argues that Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of the requested materials. UFMB notes that: (1) the Subpoena was served on Jones nearly four months ago; (2) counsel for Jones still acknowledges that his production is incomplete; (3) Jones has not provided a date for his deposition, or provided confirmation that such a

4

deposition would not be possible; and (4) while counsel for Jones has made promises that additional documents and such a confirmation may be forthcoming, the Parties are rapidly approaching a mid-January discovery cutoff and an early February trial date. UFMB avers that it can no longer wait for Jones to act as required by Rule 26.

Jones argues that the Court should exercise its broad discretion under Rule 26(c) to issue a protective order and limit discovery in this instance where Jones has shown that his health and wellbeing would be placed in jeopardy absent such an order.

Regarding UFMB's Motion to Compel, Jones argues that he produced over 900 pages of responsive documents on October 11, 2013, and produced more documents in subsequent productions on or about December 9 and 19, 2013. Jones contends that he has, as of December 19, 2013, completely responded to the Subpoena. Jones further argues that any delays in responding to the document requests are excusable in light of his medical limitations and that UFMB has not suffered any prejudice from the delays.

In rebuttal, UFMB argues that Jones has not produced all of the responsive documents to the Subpoena and that counsel for Jones has made ambiguous statements indicating that he may have more documents on hand. Specifically, UFMB notes that Jones's counsel stated that he had no further documents "within the relevant time period." (Pl.'s Reply 1). UFMB notes that Jones's counsel has been confused or misinformed about the relevant time frame for which documents have been sought via the Subpoena in previous instances. UFMB concludes that, in any event, Jones's lack of attention in responding to the original Subpoena, requiring Motion to Compel, is indefensible. UFMB then changes its requested relief to include: (i) a requirement that Jones provide, within five (5) days of entry of the Court's Order, all documents responsive to the Subpoena; (ii) an award UFMB

its reasonable attorneys' fees and costs expended in bringing this Motion; and (iii) any further relief the Court deems proper.

### III.    ANALYSIS

#### A.  Motion to Compel

##### i.   Relevancy

Rule 45 of the Federal Rules of Civil Procedure governs third party subpoenas. *See* Fed. R. Civ. P. 34(c). In response to a subpoena *duces tecum*, a third party may, among other options, move for a protective order pursuant to Federal Rule of Civil Procedure 26(c). *See* Fed. R. Civ. P. 26(c); *United States v. Star Scientific, Inc.,* 205 F. Supp. 2d 482, 484 (D. Md. 2002). "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). Thus, the Court must review UFMB's Subpoena under the relevancy standards set forth in Rule 26(b). *Id.*

Jones does not explicitly dispute the relevancy of the Subpoena. The Court finds that the Subpoena is relevant under Rule 26(b)(1) in light of the fact that UFMB seeks information regarding Jones's "knowledge of the promises the bank made with regard to the project and other matters related to this litigation." (Pl.'s Mot. to Compel 1). In the alternative, the Court holds that Jones has failed to meet his burden to establish that the Subpoena directed to him is irrelevant.

##### ii.   Additional Production

Typically, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D. 237, 241 (E.D. Va. 2012). Without any legal analysis or citation

to authority, Jones essentially moves that Court to deny UFMB's Motion to Compel on the ground that Jones is incapable of participating in the document production process and that his daughter has made a good faith effort to comply with UFMB's Subpoena. In reply, UFMB asserts that this Court should grant its Motion to Compel because Jones's counsel could have more documents in his possession due to a potential misunderstanding regarding the scope of the Subpoena.

In light of the possibility that Jones may have remaining documents that are relevant to the Subpoena, the Court GRANTS this part of UFMB's Motion and DIRECTS Jones to provide all remaining documents responsive to UFMB's Subpoena within five (5) days of the entry of the Court's Order.

### iii.  Sanctions and Attorneys' Fees

Again, without any citation to authority, UFMB moves the Court to award it attorneys' fees for Jones's purported failure to comply with the Subpoena. Rule 45 does not contain a provision allowing for an award of attorneys' fees. *See OTC Solutions, LLC v. John Does 1-50*, No. 1:10-CV-500, 2011 WL 4747900, at *3 n.1 (M.D.N.C. Oct. 5, 2011). Given the absence of supporting authority from UFMB, the Court DENIES this part of UFMB's Motion and declines to order Jones to pay attorneys' fees.

### B.  Motion for Protective Order

Under Rule 26(c) of the Federal Rules of Civil Procedure "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*,

753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (citing *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002)); *see also Lathon v. Wal–Mart Stores East, LP,* No. 3:09-CV-57, 2009 WL 1810006, at *5 (E.D. Va. June 24, 2009). "[I]n seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a *specific and documented factual showing* that the deposition would be dangerous to the deponent's health." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 127 (D. Md. 2009). "[T]he court has a responsibility to undertake a detailed examination of whether a deposition would truly place a person's health at risk." *Id.* "The request for an extended stay of a deposition requires more than a conclusory statement by a physician. . . . For such requests, the plaintiff will have to come forward with detailed information supporting the opinion and, if necessary, be willing to submit his physician for examination by the court or by defendant on behalf of the court." *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) (citations omitted).

In *Minter*, a district court required a movant to submit to a deposition where the movant failed to submit any compelling evidence describing how and why a deposition threatened his health. 258 F.R.D. at 128. In *Motsinger*, a district court held that a brief physician's statement, without any medical history or treatment being given, was insufficient to support the issuance of a protective order prohibiting the deposition of the movant. 119 F.R.D. at 378.

Jones argues that, although rare, protective orders may be required where the health and wellbeing of the deponent would be placed in jeopardy absent such an order. *See, e.g.*, *Wilder v. Se. Pub. Serv. Auth. of Va.*, No. 94-2621, 1995 WL 637229, at *2 (4th Cir. Oct. 31, 1995). Jones argues that he is physically and mentally unable to withstand a

deposition, in part, because he suffered a series of strokes that cause him physical impairment, memory loss, confusion, and require him to take prescribed medication that makes him drowsy and impairs his mental faculties. However, Jones supports his argument with the submission of three short exhibits consisting of an affidavit and two opinion letters from his primary care doctor, each stating that a deposition would be too stressful for Jones. While more than the movant's presentation in *Minter*, the statements by Jones's primary care physician are similar to the conclusory statements rejected in *Motsinger*.

The Court finds that Jones has not met his burden to show that a protective order is appropriate. Accordingly, the Court DENIES Jones's Motion for Protective Order and DIRECTS Jones provide the Court, Bly, and UFMB with more detailed information about his medical condition so that the Court and the Parties can determine if the opinion of Jones's primary care physician is sound.

## IV.    CONCLUSION

For the aforementioned reasons, the Court GRANTS IN PART and DENIES IN PART UFMB's Motion to Compel. Additionally, the Court DENIES Jones's Motion for Protective Order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this____6th_____ day of January 2014.